**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
**www.flmb.uscourts.gov**

**In re:**

**GREAT SOUTHERN COPACKERS LLC** ***aka Great Southern Beverages*****,**

**Debtor.**
______________________________________/

**CASE NO.: 8:26-bk-07442-LER**
**CHAPTER 11**
***Subchapter V Election***

***Emergency hearing requested on or before Friday, August 28, 2026*.**

**EMERGENCY MOTION FOR AUTHORITY TO USE CASH COLLATERAL**
***Emergency Hearing Requested***
*(Re: Climate First Bank and Creditors Retaining Inferior Interests)*

**GREAT SOUTHERN COPACKERS LLC** ("**Debtor**" or "**GSC**"), by and through its undersigned counsel, and pursuant to 11 U.S.C. §§ 363(c)(2) and 363(e), Federal Rule of Bankruptcy Procedure 4001(b)(2) and 4001(c), and Local Rule 2081-1(g)(1), hereby moves for authority to use cash collateral on an interim basis and to provide adequate protection to **CLIMATE FIRST BANK** ("**CFB**") which entity may hold or claim a security interest in the Debtor's cash and/or cash equivalents, accounts and cash equivalents, and to the extent necessary, the holders of inferior position security interests in the Debtor's cash, accounts and cash equivalents (the "**Inferior Interests**" and collectively with CFB the "**Secured Creditors**"), and requests an emergency hearing on the relief sought. In support of this motion, Debtor states as follows:

**Summary of Relief Requested**

1. ***Emergency Relief Requested*.** Debtor requests that the Court authorize the Debtor's use of cash collateral notwithstanding any liens of the Secured Creditors (as defined herein) as of the Petition Date. Debtor requests authority to use cash to fund ordinary business operations and necessary expenses in accordance with the cash budget attached hereto as **Exhibit "A"**.

2. ***Notice*.** This motion has been served on (i) all parties consenting to electronic service

via the Court's CM/ECF system, (ii) the Office of the United States Trustee via email (if known), fax, and overnight mail, (iii) the twenty largest creditors, the Secured Creditors via email (if known), via fax (if known), or via FedEx Overnight Mail. Prior to any hearing on the instant motion, undersigned counsel for the Debtor will confer with the Office of the United States Trustee and the Secured Creditors regarding the relief requested herein.

3. ***Suggested Hearing Date***. Debtor requests a hearing date on or before **Friday, August 28, 2026**. The date is requested to ensure the smooth transition of Debtor's operations into the Chapter 11 process.

4. ***Supporting Argument.*** Debtor supports this motion as set forth below.

**Background**

5. On August 20, 2026 (the "Petition Date"), Debtor filed its voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") and elected to proceed with its restructuring under Subchapter V.

6. As more particularly set forth in the Debtor's Case Management Summary, Great Southern Copackers LLC is a Florida limited liability company organized in 2024 by Jeremy Roberts to develop, produce, market and distribute premium hand-crafted beers in the Southeast United States. Great Southern Copackers operates a brewery space at a 75,000 square foot leased facility located at: 3900 Frontage Rd. S, Lakeland, Florida 33815 (the "Brewery").

7. Prior to the Petition Date, Debtor obtained a commercial financing arrangement with Climate First Bank which is purportedly secured by substantially all of the assets of Great Southern Copackers LLC, including its accounts and cash equivalents. Climate First Bank may assert a first priority security interest in the Debtor's cash and cash equivalents by virtue of a UCC-1 Financing Statement filed with the State of Florida.

8. The cash collateral Debtor seeks to use is comprised of cash on hand and funds to be received during normal operations which may be encumbered by the liens of Climate First Bank (the **"Cash Collateral")**.

9. The Inferior Interests may claim an inferior interest in the Debtor's cash and cash equivalents by virtue of alleged liens on the Debtor's personal property. Although not listed, Corporation Service Company and Crown Equipment Corporation may assert a lien on the cash collateral as well, but that interest is wholly unsecured and subordinate to Climate First Bank. However, upon due diligence, there are no other UCC. A list of those parties purportedly holding inferior interests in the Debtor's cash and cash equivalents are listed in **Exhibit "B"** attached hereto.

**Relief Requested**

10. Debtor will require the use of Cash Collateral to continue to operate its business for the next six (6) weeks, and, depending on the month, a greater or lesser amount will be required each comparable period thereafter. Debtor will use the Cash Collateral to make payroll, pay suppliers, subcontractors, and vendors, and pay other ordinary course expenses to maintain its business, which may be subject to the security interests asserted by Climate First Bank.

11. A Budget reflecting the estimated income and expenses for the Debtor's business over the next four (4) weeks is attached hereto as **Exhibit "A"**.

12. As adequate protection for the use of Cash Collateral, Debtor proposes to grant the Secured Creditors a replacement lien on its post-petition Cash Collateral to the same extent, priority and validity as their pre-petition liens, to the extent its use of Cash Collateral results in a decrease in the value of the Secured Creditors' interest in the Cash Collateral. As demonstrated by the Budget, Debtor will continue to operate on a positive cash flow basis during the interim six-week period. As

such, all interests on Cash Collateral are adequately protected by replacement liens and the proposed adequate protection is fair and reasonable and sufficient to satisfy any diminution in value of the Secured Creditors' prepetition collateral.

13. In the event the Debtor is not permitted to use Cash Collateral, it may be forced to halt operations altogether, creating an adverse effect on creditors, and will likely eliminate the total value of assets pledged as collateral. Thus, Debtor believes the protections outlined herein are fair and reasonable under the circumstances and will be sufficient to protect the interests of the Secured Creditors' collateral from a diminution in value during the period of use by the Debtor. Accordingly, under the circumstances of this Chapter 11 case, granting the relief requested in the Motion is warranted

14. A copy of the proposed order authorizing use of Cash Collateral is attached hereto as **Exhibit "C".**

15. As of the date of this Motion, Debtor's undersigned counsel has been unable to confer with counsel for Climate First Bank regarding the relief requested but shall endeavor to obtain Climate First Bank's consent to such relief prior to any hearing on the Motion. In addition, Debtor's undersigned counsel will endeavor to confer with the Office of the United States Trustee and Subchapter V Trustee regarding the relief requested herein.

**WHEREFORE**, Debtor respectfully requests the Court: (i) set an emergency preliminary hearing to consider this Motion on or before **Friday, August 28, 2026;** (ii) grant the Debtor permission to use the Cash Collateral notwithstanding any liens on its cash or cash equivalents on an interim basis as of the Petition Date; and (iii) approve of the form and manner of providing adequate protection to Creditors during the interim period; and (iv) grant such other and further relief as is just and proper.

**RESPECTFULLY SUBMITTED** this 25th day of August 2026.

/s/ Justin M. Luna
**Justin M. Luna, Esq.**
Florida Bar No. 0037131
**Latham, Luna, Eden & Beaudine, LLP**
Bknotice1@lathamluna.com
201 S. Orange Ave., Suite 1400
Orlando, Florida 32801
Telephone: 407-481-5800
Facsimile: 407-481-5801
Attorneys for Debtor

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
**www.flmb.uscourts.gov**

**In re:**

**GREAT SOUTHERN COPACKERS LLC** ***aka Great Southern Beverages*****,**

**Debtor.**
_________________________________/

**CASE NO.: 8:26-bk-07442**
**CHAPTER 11**
***Subchapter V Election***

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true copy of the forgoing has been furnished either electronically and/or by U.S. First Class, postage prepaid mail to: **Great Southern Copackers LLC**, 3900 Frontage Rd. S, Lakeland, FL 33818; **Climate First Bank, 182 37th Ave. N., St Petersburg, Florida 33704** (Via Certified Mail); **CT Corporation System, Registered Agent for Climate First Bank**, 1200 South Pine Island Road, Plantation, Florida 33324 (Via Certified Mail); **Kenneth E Laroe, Director of Climate First Bank**, 182 37th Ave. N., St. Petersburg, Florida 33704 (Via Certified Mail), **Corporation Service Company**, PO Box 2576, Springfield, IL 62708; **Crown Equipment Corporation**, 44 S. Washington Street, New Breman, OH 45869; **CT Corporation System**, 330 N. Brand Blvd., Suite 700, Attn: SPRS, Glendale, CA, 91203; the parties entitled to receive CM/ECF noticing; the secured creditors and the twenty largest unsecured creditors as shown on the matrix attached to the original of this motion filed with the Court; and **Office of the United States Trustee**, 501 E Polk Street, Tampa, Florida 33602; this 25th day of August 2026.

/s/ Justin M. Luna
Justin M. Luna, Esq.

# EXHIBIT “A”

# 4-Week Cash Flow Analysis

*Great Southern Copackers*

| Week Of | Week 1 | Week 2 | Week 3 | Week 4 |
|---|---|---|---|---|
| *Date Range* | *08/31-09/06/26* | *09/07-09/13/26* | *09/14-09/20/26* | *09/21-09/27/26* |
| **INPUTS (editable)** | | | | |
| Cash Inflow (per week) | $80,000 | $80,000 | $80,000 | $80,000 |
| Utilities | $8,000 | $8,000 | $8,000 | $8,000 |
| Materials | $18,000 | $18,000 | $18,000 | $18,000 |
| Insurance | $4,000 | $4,000 | $4,000 | $4,000 |
| Miscellaneous | $3,500 | $3,500 | $3,500 | $3,500 |
| Payroll (biweekly, wks 1 & 3) | $33,000 | - | $33,000 | - |
| Subchapter V Trustee Fee | - | - | - | $1,000 |

*Assumptions: figures per user; payroll ($33,000/2 wks) assumed to fall in Weeks 1 & 3 starting the first Monday. Edit yellow cells to adjust.*

| **CASH FLOW STATEMENT** | | | | |
|---|---|---|---|---|
| Beginning Cash Balance | $157,282 | | | |
| Cash Inflows | $80,000 | $80,000 | $80,000 | $80,000 |
| ***Cash Outflows*** | | | | |
| Utilities | $8,000 | $8,000 | $8,000 | $8,000 |
| Materials | $18,000 | $18,000 | $18,000 | $18,000 |
| Insurance | $4,000 | $4,000 | $4,000 | $4,000 |
| Miscellaneous | $3,500 | $3,500 | $3,500 | $3,500 |
| Payroll (biweekly, wks 1 & 3) | $33,000 | - | $33,000 | - |
| Subchapter V Trestee Fee | - | - | - | $1,000 |
| **Total Cash Outflows** | **$66,500** | **$33,500** | **$66,500** | **$34,500** |
| **Net Cash Flow (Weekly)** | **$13,500** | **$46,500** | **$13,500** | **$45,500** |
| **Ending Cash Balance** | **$170,782** | **$217,282** | **$230,782** | **$276,282** |

EXHIBIT “B”

# Inferior Interests

| | UCC-1 Filing # |
|---|---|
| | [redacted] |
| **Corporation Service Company** | **202501724648** |
| **Corporation Service Company** | **202501724656** |
| **Corporation Service Company** | **202504473336** |
| **Crown Equipment Corporation** | **20260055922X** |
| **CT Corporation System** | **20260103211X** |

EXHIBIT “C”

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**In re:**

**GREAT SOUTHERN COPACKERS LLC** ***aka Great Southern Beverages,***

**Debtor.**

**CASE NO. 8:26-bk-07442**

**CHAPTER 11**

***Subchapter V Election***

__________________________________________/

**FIRST INTERIM ORDER GRANTING DEBTOR'S EMERGENCY MOTION TO USE CASH COLLATERAL AND NOTICE OF CONTINUED HEARING**
**[Continued Hearing: ]**

**THIS CASE** came on for emergency preliminary hearing on__________________, 2026 (the "Hearing") upon the *Emergency Motion to Use Cash Collateral*, filed by **GREAT SOUTHERN COPACKERS LLC,** (the "Debtor") on _____ 2026 (Doc. No. _____) (the "Motion"). Upon consideration of the Motion, the evidence presented, the arguments of counsel present at the Hearing, it is

**ORDERED:**

1. Interim Authorization Granted. The Motion is granted on an interim basis as provided herein.

2. Cash Collateral Authorization. Subject to the provisions of this order, the Debtor is authorized to use cash collateral to pay: (a) amounts expressly authorized by this Court; (b) the current and necessary expenses set forth in the budget attached as **Exhibit A** attached to the Motion, plus an amount not to exceed ten (10) percent for each line item; and (c) such additional amounts as may be expressly approved in writing by Climate First Bank. This authorization will continue through_________, however, the parties may jointly agree to extend the authorization by submitting an agreed order reflecting such extension. Except as authorized in this order, the Debtor is prohibited from the use of cash collateral.

3. Debtor Obligations. The Debtor shall timely perform all obligations of a debtor-in-possession required by the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and the orders of this Court.

4. Replacement Lien. Climate First Bank shall have a perfected post-petition lien against cash collateral to the same extent and with the same validity and priority as the prepetition lien, without the need to file or execute any documents as may otherwise be required under applicable non-bankruptcy law.

5. Insurance. The Debtor shall maintain insurance coverage for its property in accordance with the obligations under all applicable loan and security documents.

6. Without Prejudice. This Order is without prejudice to: (a) any subsequent request by a party-in-interest for modified adequate protection or restrictions on use of Cash Collateral; or (b) any other right or remedy which may be available.

7. Enforcement. The Court shall retain jurisdiction to enforce the terms of this Order.

Attorney Justin M. Luna is directed to serve a copy of this order on interested parties and file a proof of service within three (3) days of entry of the order.