UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

IN RE:

GREAT SOUTHERN COPACKERS LLC
a/k/a Great Southern Beverages,

Debtor.
_______________________________________/

Case No. 8:26-bk-07442-LER
Chapter 11, Subchapter V

**APPLICATION FOR ALLOWANCE AND PAYMENT OF MONTHLY ADMINISTRATIVE EXPENSE CLAIM UNDER 11 U.S.C. § 503(b)**

Lakeland Industrial 1 LLC, Lakeland Industrial 2 LLC, Lakeland Industrial 3 LLC, and Lakeland Industrial 4 LLC (collectively, the "Creditor" or "Former Landlord"), by and through undersigned counsel, respectfully request, pursuant to 11 U.S.C. §§ 503(b)(1), 507(a)(2) and Local Rule 3071-1, the entry of an order: (i) allowing Creditor a Monthly Administrative Claim (defined below) against the Debtor, Great Southern Copackers LLC a/k/a Great Southern Beverages ("Great Southern" or the "Debtor"), effective as of the Petition Date (as defined below), and (ii) authorizing and directing the Debtor to pay the Monthly Administrative Claim by the tenth (10th) of each month. In support of this Application, the Creditor states as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The basis for the relief sought herein is 11 U.S.C. § 503(b)(1)(A), which provides for the allowance of administrative expenses for the actual and necessary costs and expenses of preserving the bankruptcy estate.

## **Background**

3. On or about May 9, 2025, Great Southern and the Former Landlord entered into that certain *Lease Agreement* (the "Lease") for property located at 3900 Frontage Road S, Lakeland, Florida 33815 (the "Premises").

4. On June 11, 2026, due to the Debtor's default under the terms of the Lease by failing to pay rent when due, the Former Landlord commenced an eviction proceeding against Great Southern in the case captioned *Lakeland Industrial 1 LLC, et al. v. Great Southern Copackers LLC,* Case No. 2026CC006543A000BA, pending in the County Court of the Tenth Judicial Circuit, in and for Polk County, Florida (the "State Court").

5. On July 14, 2026, the State Court entered a *Default Final Judgment for Commercial Eviction*, thereby entering judgment in favor of the Former Landlord and against Great Southern for the possession of the Premises.

6. On July 14, 2026, the State Court issued a *Writ of Possession* commanding Great Southern to remove all persons from the Premises and to put the Former Landlord in possession of the Premises.

7. On or about August 18, 2026, the Polk County Sheriff changed the locks on the Premises and turned the Premises over to the Former Landlord.

8. On August 20, 2026 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") and made an election to proceed under Subchapter V.

9. On September 1, 2026, the Debtor filed *Debtor's Emergency Motion to Compel the Landlord to Provide Immediate Access to the Premises and Turnover Property of the Estate* [Doc. No. 24] (the "Turnover Motion"). The Turnover Motion seeks not only access to the Premises and

turnover of personal property located thereon, but also to utilize the Premises for storage and continued business operations pending a sale of the Assets (defined below).

10. On September 9, 2026, the Court held a hearing on the Turnover Motion and an *Agreed Interim Order Granting in Part and Deferring in Part Debtor's Emergency Motion to Compel the Landlord to Provide Immediate Access to the Premises and Turnover Property of the Estate* (the "Agreed Order") is pending entry. The Agreed Order grants the Turnover Motion, in part, on an interim basis, and directs the Creditor to provide the Debtor with access to the Premises for the limited purposes authorized by the Agreed Order. The Agreed Order specifically reserves the Creditor's right to seek allowance and payment of an administrative expense claim for preserving and storing property of the estate.

**Relief Requested and Basis Therefor**

11. By this Application, the Creditor asserts an administrative expense claim in the amount of $**99,352.24**[1] **per month** (the "Monthly Administrative Claim") in connection with the preservation and storage of raw materials inventory, work-in-process inventory, finished goods inventory, packaging inventory, brewing and production equipment, packaging and canning equipment, warehouse and material-handling equipment, furniture, fixtures, office equipment, computer hardware, and other general business assets located at the Premises (collectively, the "Assets"). Attached hereto as **Exhibit A** is a detailed breakdown of the monthly costs associated with the preservation and storage of the Assets at the Premises. The preservation and storage costs will continue to accrue through the closing of a sale or other disposition of the Assets.

12. Section 503(b)(1)(A) of the Bankruptcy Code provides that, after notice and a hearing, there shall be allowed as administrative expenses "the actual, necessary costs and

[1] Plus, facility management charges billed hourly by Cushman & Wakefield for Property Manager or Maintenance Technician visits to the Premises ($150/hour for Property Manager visits and $100/hour for Maintenance Technician visits).

expenses of preserving the estate." 11 U.S.C. § 503(b)(1)(A). Under § 507(a), administrative claims under § 503(b) of the Bankruptcy Code are provided high priority for payment. 11 U.S.C. § 507(a)(2); *see In re EZ Pay Servs. Inc.*, 380 B.R. 861, 864 (Bankr. M.D. Fla. 2007). For an administrative claim to be allowed under § 503(b)(1), the Eleventh Circuit has held that it must be "actual" and "necessary" for the bankruptcy estate, and it must "provide a concrete benefit to the debtor's estate." *In re EZ Pay Servs. Inc.*, 380 B.R. at 864 (citing *In re Subscription Television of Greater Atlanta*, 789 F.2d 1530 (11th Cir. 1986).

13. Although Climate First Bank (the "Bank") asserts liens against some or all of the Assets, the Debtor maintains that the Assets possess substantial equity beyond the Bank's asserted secured claim. The Debtor commenced this chapter 11 case, in significant part, to preserve, market, and maximize the value of the Assets through an orderly sale process designed to generate the highest and best value for the benefit of all stakeholders.

14. In the absence of the Creditor's efforts to preserve, secure, store, and maintain the Assets, the Assets would be subject to deterioration, loss, damage, or diminution in value, resulting in a corresponding and significant reduction in the value of the bankruptcy estate. The Creditor's actions have directly and substantially preserved the value of the Assets and, by extension, the value available to the estate and its creditors. Accordingly, the costs and expenses incurred by the Creditor in connection with the preservation, storage, protection, and maintenance of the Assets constitute actual, necessary, and reasonable costs of preserving the estate within the meaning of section 503(b)(1)(A) of the Bankruptcy Code and are properly allowable as an administrative expense claim.

15. Accordingly, the Creditor is entitled to an allowance and payment of the Monthly Administrative Claim.

16. In the event the Debtor is unable to timely satisfy the Monthly Administrative Claim, cause exists for dismissal of the Chapter 11 case or, alternatively, for the granting of the Bank's Motion for Relief from the Automatic Stay (Doc. No. 32), thereby permitting the liquidation or other disposition of the Assets and relieving the Creditor of the continuing burden and expense associated with preserving, maintaining, and storing the Assets.

**WHEREFORE**, the Creditor respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit B**, (i) approving this Application; (ii) allowing, pursuant to § 503(b)(1)(A), the Creditor the Monthly Administrative Claim, effective as of the Petition Date; (iii) authorizing and directing the Debtor to pay the Monthly Administrative Claim on or before the tenth (10th) day of each month; and (iv) granting such other relief which this Court deems just and proper.

Dated: September 16, 2026

BERGER SINGERMAN LLP
*Counsel for Creditor/Former Landlord*
101 E. Kennedy Boulevard, Suite 1165
Tampa, FL 33602
Tel. (813) 498-3400
Fax (813) 527-3705

By: */s/ Amy Denton Mayer*
Amy Denton Mayer
Florida Bar No. 634506
amayer@bergersingerman.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 16, 2026, a true and correct copy of the foregoing was served by electronic transmission through the Court's CM/ECF System upon all parties on the attached CM/ECF Service List, and by first class, U.S. Mail upon all parties listed below and on the attached Local Rule 1007-2 Parties in Interest List, to the extent that such parties were not served electronically through the Court's CM/ECF system.

By: *_/s/ Amy Denton Mayer_*
Amy Denton Mayer

Great Southern Copackers LLC
Attn.: Jeremy Roberts, Sole Managing Member
3900 Frontage Rd. S
Lakeland, FL 33815

**CM/ECF SERVICE LIST**

- Scott E Bomkamp scott.e.bomkamp@usdoj.gov
- John M. Brennan jack.brennan@gray-robinson.com, 2897605420@filings.docketbird.com
- Alan R Crane alan.crane@gray-robinson.com, yesenia.fernandezvivas@gray-robinson.com;glenda.gutstein@gray-robinson.com;sheree.hurayt@gray-robinson.com;5353572420@filings.docketbird.com
- Jonathan T Crane jonathan.crane@gray-robinson.com, 4053367420@filings.docketbird.com;Yesenia.FernandezVivas@gray-robinson.com
- Justin M Luna jluna@lathamluna.com, bknotice1@lathamluna.com
- Michael C Markham mikem@jpfirm.com, MinervaG@jpfirm.com;cmcm11@trustesolutions.net
- Amy Denton Mayer amayer@bergersingerman.com, KJohnson@bergersingerman.com;MHoseth@bergersingerman.com;efile@bergersingerman.com;efile@ecf.courtdrive.com
- United States Trustee - TPA USTPRegion21.TP.ECF@USDOJ.GOV

Label Matrix for local noticing
113A-8
Case 8:26-bk-07442-LER
Middle District of Florida
Tampa
Wed Sep 16 11:23:51 EDT 2026

AllBev LLC
1901 FM 546
Suite 200
McKinney, TX 75069-1271

BFG Corporation
2801 Lakeside Drive
Suite 212
Deerfield, IL 60015-1200

CT Corporation System
330 N Brand Blvd.
Suite 700
Glendale, CA 91203-2336

Climate First Bank
182 37th Ave. N
Saint Petersburg, FL 33704-1401

Corporation Service Company
PO Box 2576
Springfield, IL 62708-2576

Crown Equipment Corporation
44 S. Washington Street
New Bremen, OH 45869-1288

Florida Department of Revenue
Bankruptcy Unit
Post Office Box 6668
Tallahassee, FL 32314-6668

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Lakeland Industrial 1 LLC
c/o Laurence Legal
215 N. Federal Highway
Dania Beach, FL 33004-2805

Sea Isle Spiked Iced Tea, LLC
c/o South Florida Law PLLC
1920 E. Hallandale Beach Blvd.
Suite 702
Hallandale, FL 33009-4725

ServPro of Lakeland, Inc.
c/o GrayRobinson, P.A.
ATTN: Jack M. Brennan, Esq.
301 E. Pine Street, Suite 1400
Orlando, FL 32801-2798

End of Label Matrix

| | |
|---|---|
| Mailable recipients | 11 |
| Bypassed recipients | 0 |
| Total | 11 |

**EXHIBIT A**

**(Breakdown of Monthly Costs)**

| **Description of Monthly Cost** | **Amount** |
|---|---|
| Building Rent | $65,233.34 per month (based on rate in Lease) |
| Real Estate Taxes | $12,111.86 per month (based on previous year) |
| Insurance | $5,500.00 per month (actual) |
| Utilities | $15,000.00 per month (estimated) |
| Industrial Park Monthly CAM | $1,507.04 per month (actual) |
| Facility Management | Billed hourly by Cushman & Wakefield for Property Manager or Maintenance Technician visits to the Premises ($150/hour for Property Manager visits and $100/hour for Maintenance Technician visits) |
| **Total** | **$99,352.24 Plus Fees Charged by Cushman & Wakefield** |

# <u>EXHIBIT B</u>

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

IN RE: Case No. 8:26-bk-07442-LER
Chapter 11, Subchapter V

GREAT SOUTHERN COPACKERS LLC
a/k/a Great Southern Beverages,

Debtor.
_______________________________________/

**ORDER APPROVING APPLICATION FOR ALLOWANCE AND PAYMENT OF MONTHLY ADMINISTRATIVE EXPENSE CLAIM UNDER 11 U.S.C. § 503(b)**

**THIS CASE** came before the Court for hearing on ____________, 2026, at _________, in Tampa, Florida, upon the *Application for Allowance and Payment of Monthly Administrative Expense Claim Under 11 U.S.C. § 503(b)* (the "Application") [Doc. No. ___].[1] The Court, having considered the Motion and the argument of counsel, and after due deliberation, finds sufficient cause therefor. Accordingly, it is

**ORDERED** as follows:

1. The Application is **APPROVED**.

2. Lakeland Industrial 1 LLC, Lakeland Industrial 2 LLC, Lakeland Industrial 3 LLC, and Lakeland Industrial 4 LLC (collectively, the "Creditor") is allowed a chapter 11

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

administrative expense claim in the amount of $99,352.24[2] per month (the "Monthly Administrative Claim"), in connection with the preservation and storage of the Assets.

3. The Debtor shall pay the Monthly Administrative Claim, covering the period of the Petition Date, August 20, 2026 through September 30, 2026, to the Creditor within ten (10) days from the date of this Order.

4. In addition, on a go forward basis, the Debtor shall pay the Monthly Administrative Claim to the Creditor each month by no later than the tenth (10th) day of each month until further Order of the Court.

5. The Court retains jurisdiction to hear and determine all matters arising from or relating to the interpretation, implementation, and enforcement of this Order.

# # #

*(Attorney Amy Denton Mayer is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of the order.)*

[2] Plus, facility maintenance charges billed by Cushman & Wakefield for Property Manager or Maintenance Technician visits to the Premises ($150/hour for Property Manager visits and $100/hour for Maintenance Technician visits.)