**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**In re:**

**GREAT SOUTHERN COPACKERS LLC aka Great Southern Beverages,**

**Debtor.**
______________________________/

**CASE NO. 8:26-bk-07442-LER**

**CHAPTER 11**

***Subchapter V Election***

**DEBTOR'S EXPEDITED MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING DESIGNATION OF A STALKING HORSE BIDDER AND APPROVING BIDDING AND AUCTION PROCEDURES; (II) SCHEDULING BID DEADLINES, AN AUCTION, AND A FINAL SALE HEARING; (III) APPROVING THE FORM AND MANNER OF SALE NOTICE; (IV) AUTHORIZING THE SALE OF EQUIPMENT FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS; AND (V) GRANTING RELATED RELIEF**

**GREAT SOUTHERN COPACKERS LLC,** ("Debtor" or "GSC"), (the "Debtor"), by and through its undersigned counsel, files this Motion (the "Motion") respectfully requesting entry of an order: (a) approving an expedited, competitive process to sell the Debtor's right, title, and interest in its production and support equipment; (b) authorizing the Debtor to designate a stalking horse bidder upon execution and filing of a binding asset purchase agreement; (c) approving the proposed bidding procedures, dates, and sale notice; (d) scheduling a final sale hearing; and (e) after completion of the sale process, authorizing the sale to the Successful Bidder free and clear of liens, claims, encumbrances, and interests, with such interests attaching to the proceeds to the same extent, validity, and priority as they attached to the assets, subject to all estate rights and defenses, pursuant to 11 U.S.C. §§ 105(a), 363(b), (f), (k), and (m), Federal Rules of Bankruptcy Procedure 2002, 6004, 9006(c), and 9014, and Local Rules 2002-1, 6004-1, and 9013-1. The Debtor requests expedited consideration of the bidding procedures on October 14, 2026, and in support thereof states as follows:

## PRELIMINARY STATEMENT

1. The Debtor's principal assets are a substantial brewing, beverage production, and packaging system located at its former leased facility in Lakeland, Florida. The Debtor is not presently operating at the Facility, the equipment remains in place, and storage, insurance, utilities, access, and other administrative issues continue to accrue. A prompt and transparent sale process is necessary to preserve and maximize value. The continued delay creates administrative expense and risks erosion of value. A prompt, transparent sale process is therefore necessary.

2. On September 25, 2026, the Debtor received a letter of intent to purchase certain equipment and machinery from E-TOWN MARKETING & DISTRIBUTING, LLC ("E-Town"), the stalking horse bidder, at a proposed cash purchase price of $2,200,000.00, subject to Bankruptcy Court approval. The LOI provides for a $50,000.00 cash deposit placed in escrow held by Debtor's counsel in trust as escrow agent by October 13, 2026; a seven-day inspection period under a definitive purchase agreement; closing on or before October 28, 2026 without a financing contingency; a single closing condition of clear title; and removal of the purchased equipment within sixty days at E-Town's cost. A copy of the LOI is attached as **Exhibit "A"**.

3. The Debtor requests that E-Town be designated as the Stalking Horse Bidder only upon: (a) execution of a binding asset purchase agreement in substantially the form circulated by the Debtor; (b) completion or irrevocable waiver of inspection no later than October 13, 2026; (c) funding of the $50,000 deposit by October 13, 2026; and (d) delivery of evidence satisfactory to the Debtor that E-Town has immediately available funds sufficient to pay the purchase price and removal costs. No break-up fee, expense reimbursement, or other bid protection is requested.

4. The Debtor proposes a short and expedited market check through October 21, 2026. Competing bidders must submit a signed and irrevocable offer of at least $2,250,000, a $50,000 deposit, proof of funds, a non-contingent purchase agreement, and an agreement to close by October 28, 2026 and pay all removal costs. If more than one Qualified Bid is received, the Debtor

will conduct a Zoom auction on October 23, 2026 in $50,000 increments, designate a Successful Bidder and Back-Up Bidder, file a notice by October 26, 2026, and seek final approval on October 27, 2026.

5. The Debtor will request that the final Sale Order: (a) authorize the transfer free and clear under § 363(f); (b) provide that liens and other interests attach to the sale proceeds with the same validity, priority, and extent as before the sale, subject to all estate rights and defenses; (c) direct the sale proceeds to remain in escrow pending further order or agreement; (d) include good-faith protections under § 363(m) if supported by the record; and (e) waive the fourteen-day stay under Bankruptcy Rule 6004(h) so that closing may occur by October 28, 2026.

## JURISDICTION AND VENUE

6. This Court has jurisdiction under 28 U.S.C. §§ 157 and 1334 and the applicable order of reference. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (M), (N), and (O). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

7. The statutory predicates for the relief requested are 11 U.S.C. §§ 105(a) and 363. The procedural predicates are Bankruptcy Rules 2002, 6004, 9006(c), and 9014, and Local Rules 2002-1, 6004-1, and 9013-1.

## BACKGROUND

8. On August 20, 2026 (the "Petition Date"), Debtor filed its voluntary petition for relief under Subchapter V of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

9. The Debtor historically manufactured, packaged, and distributed beer and other beverages from a 75,000-square-foot brewery and warehouse located at 3900 Frontage Road South, Lakeland, Florida 33815 (the "Facility"). Production is presently paused, and the former landlord controls the Facility.

10. The Facility contains major production and support equipment, machinery, tanks, packaging lines, rolling stock, tools, and related personal property. For purposes of this Motion, the "Purchased Assets" means all of the Debtor's right, title, and interest in the production and support equipment identified in the machinery and equipment appraisal filed with the Case Management Summary at Doc. No. 10, together with related attachments, accessions, spare parts, manuals, and transferable warranties, but excluding cash, accounts, inventory and work-in-process unless expressly included, books and records the Debtor must retain, customer owned property, leased or third party property, claims and causes of action, and other assets excluded by the definitive purchase agreement. The Debtor will file a final asset schedule before the Sale Hearing.

11. Local Rule 6004-1 requires a description sufficient to identify the property being sold. The Debtor incorporates the detailed asset list in the Tiger appraisal filed at Doc. No. 10 and will file any revised or supplemental asset schedule before the Bid Deadline.

12. The Tiger appraisal reports gross orderly liquidation value of $3,231,050 and net orderly liquidation value of $2,648,750 for the production and support equipment. The Debtor cites those figures as preliminary valuation evidence only and does not adopt the appraisal's assumptions, ownership characterizations, or treatment of removal and transaction costs.

13. The Debtor is obtaining a current payoff and completing its lien and ownership review. All liens and interests not paid or assumed will attach to the sale proceeds in the same validity, priority, and extent as they attached to the Purchased Assets immediately before closing, subject to all estate claims, defenses, objections, surcharge rights, and avoidance powers.

14. The Debtor has engaged in targeted outreach to industry participants and understands that other parties may be interested in an in-place acquisition or removal of the equipment. The proposed procedures preserve a meaningful and expedited market check while limiting continued carrying costs and deterioration risk.

15. The Debtor does not admit the validity, enforceability, perfection, priority, extent, or amount of any asserted claim or interest.

16. The Debtor requires a current payoff from Climate First and a final claims and lien review before representing that any particular sale price will pay Climate First or any other claimant in full. All liens and interests not otherwise paid or assumed will attach to sale proceeds in the same order and priority, subject to the Debtor's and estate's claims, defenses, objections, and avoidance rights.

17. The proposed procedures preserve a meaningful market check while avoiding the carrying costs and deterioration risk associated with a lengthy process.

## THE PROPOSED STALKING HORSE TRANSACTION

18. The material proposed terms of the stalking horse transaction are summarized below. The executed binding agreement, not the existing nonbinding LOI, will control and must be filed before the Court approves the stalking horse designation.

| **Term** | **Proposed Term** |
|---|---|
| Proposed Purchaser | E-TOWN MARKETING & DISTRIBUTING, LLC |
| Cash Purchase Price | $2,200,000.00, subject to higher and better bids and Court approval. |
| Deposit | $50,000.00 in immediately available funds upon on or before October 13, 2026, held by Debtor's counsel in trust as escrow agent. |
| Inspection | Seven days from execution of the definitive agreement, but inspection must be completed or irrevocably waived no later than October 13, 2026. |
| Contingencies | No financing contingency. After expiration or waiver of inspection, the only closing condition benefiting the purchaser will be entry of a Sale Order authorizing transfer of the Purchased Assets free and clear of liens and interests. |
| Closing | On or before October 28, 2026, subject to entry of the Sale Order and waiver of Bankruptcy Rule 6004(h). |
| Removal | Buyer-funded dismantling, rigging, loading, transportation, insurance, repair, and removal within sixty days after closing, under an access protocol with the former landlord or further Court order. |
| Bid Protections | None requested. |

## THE PROPOSED SALE PROCESS

19. The Debtor requests approval of the Bidding Procedures attached to the proposed order. The proposed schedule is:

| Event | Deadline | Description |
|---|---|---|
| File and Serve Motion | September 25, 2026 | Serve creditors, lienholders, taxing authorities, parties in interest, prospective bidders, U.S. Trustee, and Subchapter V Trustee. |
| Stalking Horse requirements | October 13, 2026 at 5:00 p.m. ET | Executed definitive agreement, completed or waived inspection, $50,000 deposit, and proof of funds. |
| Bidding Procedures Hearing | October 14, 2026 at 10:00 A.M. | Approval of procedures, notice, stalking horse designation, and sale schedule. |
| Sale Objection Deadline | October 20, 2026 at 5:00 p.m. ET | Objections to sale free and clear, asset scope, or treatment of interests. |
| Bid Deadline | October 21, 2026 at 5:00 p.m. ET | Signed irrevocable Qualified Bids, $50,000 deposits, and proof of funds must be received. |
| Auction, if required | October 23, 2026 at 10:00 a.m. ET | Virtual auction by Zoom if more than one Qualified Bid is received. |
| Notice of Successful Bidder | No later than October 26, 2026 at 12:00 P.M. ET | File notice identifying Successful Bidder, Back-Up Bidder, purchase price, and material terms. |
| Final Sale Hearing | October 26, 2026 at 11:00 A.M. in Courtroom 9A | Approval of Successful Bid, free-and-clear relief, § 363(m) findings, and waiver of Rule 6004(h). |
| Closing | On or before October 28, 2026 | Subject to entry of Sale Order, waiver of Rule 6004(h), and satisfaction of approved conditions. |

20. A competing bid will qualify only if it: (a) offers at least $2,250,000; (b) includes an executed purchase agreement on the same or better economic terms, with no financing, inspection, or diligence contingency; (c) is accompanied by the same $50,000.00 cash deposit; (d) includes evidence of immediately available funds or committed financing sufficient to close; (e) assumes all costs of dismantling and removal; (f) identifies the bidder and all persons financing or controlling the bid; (g) constitutes a good-faith, irrevocable offer; (h) includes an agreement to serve as Back-Up Bidder if selected; and (i) complies with the Bidding Procedures.

21. If no competing Qualified Bid is received, the Stalking Horse Bid will be deemed the Successful Bid, subject to Court approval. If more than one Qualified Bid is received, the

Debtor will conduct an Auction via Zoom, determine the highest or otherwise best bid in the exercise of its business judgment. Bidding will begin with the highest Qualified Bid and proceed in minimum $50,000 increments, subject to reasonable adjustment announced equally to all participants.

22. The Debtor will evaluate the highest or otherwise best bid by considering cash consideration, closing certainty, timing, removal obligations, administrative-expense impact, assumed liabilities, and other factors affecting net value. The Debtor will designate both a Successful Bidder and a Back-Up Bidder.

23. The Successful Bidder and Back-Up Bidder will execute conforming agreements and provide declarations supporting good faith and lack of collusion. The Back-Up Bid will remain open until closing with the Successful Bidder or written release by the Debtor.

24. The Debtor reserves the right, consistent with its fiduciary duties, to reject inadequate or nonconforming bids, waive immaterial defects, request clarification or additional proof of funds, adjourn the Auction, and seek Court authority to modify the procedures to maximize value.

## RELIEF REQUESTED

25. The Debtor requests entry of an order, substatntially in the for attached hereto as **Exhibit "B"** (the "Bidding Procedures Order") that: (a) approves the bidding procedures and schedule attached as **Exhibit "1"** to the Bidding Procedures Order (the "Bidding Procedures"); (b) authorizes the Debtor to designate the Stalking Horse Bidder upon filing the executed agreement; (c) approves the form and manner of the Sale Notice; (d) shortens notice of the procedures hearing for cause; (e) schedules the Auction and final Sale Hearing; and (f) authorizes the Debtor to take actions necessary to implement the process.

23. At the final Sale Hearing, the Debtor will request a Sale Order: (a) approving the Successful Bid as the highest or otherwise best offer; (b) authorizing the sale under § 363(b); (c) authorizing transfer free and clear under one or more subsections of § 363(f), with interests attaching to proceeds; (d) authorizing payment of valid liens and permitted closing costs from proceeds as approved by the Court; (e) approving the purchaser as a good-faith purchaser under § 363(m), if the evidence supports that finding; and (f) granting related relief.

26. Nothing in this Motion or the proposed Bidding Procedures Order validates any lien, claim, fixture interest, ownership claim, administrative expense, payoff, or priority. Any right to credit bid under § 363(k) is preserved only to the extent permitted by statute and further order of the Court, and the Debtor reserves all rights to seek limitation of a credit bid for cause.

## BASIS FOR RELIEF

### I. The Proposed Bidding Procedures Are a Sound Exercise of Business Judgment.

27. A debtor in possession has a fiduciary duty to protect and maximize estate value. *In re Lykes Bros. S.S. Co.*, 207 B.R. 282, 284 (Bankr. M.D. Fla. 1997)("A clear purpose of Chapter 11 is to benefit all parties, including the debtor and its creditors, by providing a breathing space to enable a debtor to reorganize. Some of the fundamental principles of Chapter 11 include the desire to maximize the value of the estate for the benefit of all creditors, to promote equal distribution among creditors, and to avoid piecemeal, preferential dismemberment of a debtor's assets.")

28. Courts approve bidding procedures that facilitate an open and fair process and allow the debtor to compare offers and maximize value. The Debtor has identified a proposed floor bid, multiple potential bidders, substantial carrying costs, and a need for prompt resolution. The procedures are streamlined, do not provide bid protections, and permit a meaningful market test.

29. The Debtor's decisions concerning the procedural details of a sale are entitled to deference when supported by a sound business purpose. See *In re 160 Royal Palm, LLC,* 600 B.R.

119, 127-29 (S.D. Fla. 2019). The proposed process balances speed, notice, diligence, and competition and is designed to produce the highest or otherwise best bid.

**II. Cause Exists for Expedited Consideration and Shortened Notice of the Bidding Procedures Hearing.**

30. Bankruptcy Rule 2002(a)(2) ordinarily requires at least twenty-one days' (21) notice of a proposed sale, but permits the Court, for cause, to shorten the period or order another method of notice. Bankruptcy Rule 9006(c)(1) likewise permits the Court, for cause, to reduce a period established by the Rules. The Debtor requests shortened notice only for the October 14 Bidding Procedures Hearing. The final Sale Hearing on October 27 will occur more than twenty-one (21) days after service of this Motion and Sale Notice.

31. Cause exists because the equipment remains at premises controlled by the former landlord; storage, insurance, utilities, and other administrative expenses may continue to accrue; the Debtor is not operating; interested purchasers require a prompt, defined process; and further delay may impair value. Additionally, the prospective buyer proposes an October 28 closing; and the Court has also emphasized the need for the parties to move quickly.

32. Local Rule 9013-1(e) requires the title to state that expedited consideration is requested and this Motion such complies.

**III. The Sale Is Supported by a Sound Business Purpose Under § 363(b).**

33. Section 363(b)(1) authorizes a debtor in possession, after notice and a hearing, to sell property outside the ordinary course. Courts apply the sound business judgment standard, considering whether the transaction has a legitimate business purpose, adequate notice, fair value, and good faith. The Debtor's equipment is not presently generating operating revenue, significant value may be available above the senior secured claim, and a competitive auction is the most reliable means to test value.

34. The Successful Bid will be subject to the Court's review after full notice, marketing, qualification of bids, and an auction if necessary. The Debtor will present evidence at the Sale Hearing concerning marketing, value, the auction, the purchaser's ability to close, and the transaction's benefit to the estate.

**IV. The Purchased Assets May Be Sold Free and Clear Under § 363(f).**

35. Section 363(f) permits a sale free and clear if any one of its five conditions is satisfied. The Debtor expects to establish at the Sale Hearing that one or more statutory conditions apply to each asserted interest. Any lien or interest not paid or assumed will attach to the sale proceeds with the same validity, priority, and extent, subject to the estate's claims and defenses. The Debtor does not concede the validity, amount, secured status, attachment, perfection, or priority of any asserted interest.

36. The net sale proceeds will be held in escrow by Debtor's counsel or another agreed escrow agent and will not be distributed absent further Court order or written agreement of all affected parties approved as necessary by the Court.

**V. Good-Faith Protection Under § 363(m) Will Be Determined at the Sale Hearing.**

37. The Bidding Procedures require disclosure of bidder identity, proof of funds, good-faith and no-collusion representations, and submission to this Court's jurisdiction. At the Sale Hearing, the Debtor will request a finding under § 363(m) only if the record demonstrates arm's-length negotiations, integrity of the auction, absence of collusion under § 363(n), fair consideration, and the purchaser's good faith.

38. The Debtor does not request waiver of Bankruptcy Rule 6004(h). Any Sale Order will remain stayed for fourteen days after entry unless the Court later orders otherwise on a separate showing.

**VI. The Court Should Waive or Reduce the Stay Periods Required By Rules 6004(h) of the Federal Rules of Bankruptcy Procedure.**

39. The Debtor further requests that the Court waive the fourteen (14) day stay under Bankruptcy Rule 6004(h). Pursuant to Rule 6004(h) of the Federal Rules of Bankruptcy Procedure, unless the Court orders otherwise, all orders authorizing the sale of property pursuant to § 363 of the Bankruptcy Code are automatically stayed until the expiration of 14 days after the entry of the Sale Order. The purpose of Bankruptcy Rule 6004(h) is to provide sufficient time for an objecting party to appeal before the order is implemented. *See* Advisory Committee Notes to Fed. R. Bankr. P. 6004(h). Given the time constraints, the Court's emphasis on the parties to move quickly during this process, and notice of the sale provided to all lienholders and parties asserting an interest in the Property, the Court should waive the 14 day stay provisions of the Bankruptcy Rules in this case.

**NOTICE**

40. The Debtor will serve this Motion, the proposed Bidding Procedures Order, attached as **Exhibit "B"**, the Bidding Procedures attached as **Exhibit "1"** to the Bidding Procedures Order, and the Sale Notice on all creditors, parties in interest, known lienholders and equipment-interest holders, the former landlord, taxing authorities, the United States Trustee, the Subchapter V Trustee, the Debtor's equity holder, the proposed Stalking Horse Bidder, known potential bidders, and all parties requesting notice. The Debtor submits that such notice is reasonable and appropriate under Bankruptcy Rules 2002 and 6004 and Local Rules 2002-1 and 6004-1.

**WHEREFORE**, the Debtor respectfully requests that the Court: (i) set and conduct the expedited Bidding Procedures Hearing on **October 14, 2026 at 10:00 A.M.**; (ii) enter the proposed Bidding Procedures Order substantially in the ford attached hereto as **Exhibit "B"**; (iii) schedule the final Sale Hearing for **October 26, 2026, at 11:00 A.M.**.; (iv) at the final Sale Hearing, approve the Successful Bid and grant the relief requested under § 363, including free-and-clear relief,

appropriate lien attachment, § 363(m) protection if supported, and waiver of the 14-day stay period under Bankruptcy Rule 6004(h); and (v) grant such other and further relief as the Court deems just and appropriate.

**RESPECTFULLY SUBMITTED** this 25th day of September 2026.

*/s/ Justin M. Luna*
**Justin M. Luna, Esq.**
Florida Bar No. 0037131
jluna@lathamluna.com
**Catherine R. Choe, Esq.**
Florida Bar No. 1022469
cchoe@lathamluna.com
**LATHAM, LUNA, EDEN & BEAUDINE, LLP**
Bknotice1@lathamluna.com
201 S. Orange Ave., Suite 1400
Orlando, Florida 32801
Telephone: 407-481-5800
Fax: 407-481-5801
*Attorney for the Debtor*

# EXHIBIT "A"

# E-TOWN MARKETING & DISTRIBUTING

September 25, 2026

Justin M. Luna
Latham, Luna, Eden & Beaudine, LLP
Via Email To jluna@lathamluna.com

**RE: Non-Binding Letter of Intent ("LOI") to purchase equipment and machinery.**

Mr. Luna:

Set forth below is a summary of the basic terms and conditions upon which E-Town Marketing & Distributing, LLC, and/or its assigns ("**Purchaser**"), will consider purchasing the Property identified below:

| | |
|---|---|
| **Property:** | All production and support equipment and machinery in the possession of or located at Great Southern Copackers, LLC, 3900 Frontage Road South, Lakeland, FL 33815. |
| **Purchase Price:** | $2,200,000.00 cash to Seller, subject to the bankruptcy court's approval. A deposit of $50,000.00 will be placed in escrow on or before October 13, 2026. |
| **Inspection Period:** | Purchaser shall have seven (7) days from the execution of the Purchase Sale Agreement ("Agreement") to satisfy itself as to any matters relating to the condition and fitness of the Property. During the first five (5) days of the Inspection Period, Seller shall deliver to Purchaser all information in its possession or control regarding the maintenance and condition of the Property, including but not limited to maintenance records and continuing warranties. |
| **Closing:** | Closing shall occur on or before October 28, 2026. There shall be no financing contingency. The only closing contingency shall be clear title. Purchaser shall have sixty (60) days to remove, at its cost, all purchased equipment from the property. |
| **Condition of the Property:** | Seller shall deliver the Property at Closing in substantially the same condition it is at the end of the Inspection Period as a condition of Closing. |
| **Costs/Prorations:** | Each party shall pay its costs and expenses in connection with the negotiation and execution of the Agreement and any related Closing documents. |

**Agreement of Purchase and Sale:** A draft Agreement shall be prepared by Seller and delivered to Purchaser within five (5) business days after the parties have executed this LOI.

This letter is merely a statement of intent and is not contractually binding on any party and is subject to the execution of an Agreement.

Sincerely,

Dhaval Patel
E-Town Marketing & Distributing, LLC

[Signatures Follow]

**AGREED TO AND ACCEPTED this 25th day of September, 2026, which shall be deemed the effective date hereof.**

Purchaser:
**E-Town Marketing & Distributing, LLC**

By: [signature]
Name: Dhaval Patel
Title: President

Seller:

By:____________________________________
Name: ____________________________
Title: Authorized Representative of Seller

# EXHIBIT "B"

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**In re:**

**CASE NO. 8:26-bk-07442-LER**

**GREAT SOUTHERN COPACKERS LLC aka Great Southern Beverages,**

**CHAPTER 11**

***Subchapter V Election***

**Debtor.**

**_________________________________/**

**ORDER (I) DESIGNATING E-TOWN MARKETING & DISTRIBUTING, LLC AS STALKING HORSE BIDDER AND APPROVING BIDDING PROCEDURES, (II) SCHEDULING A BID DEADLINE, AUCTION, AND SALE HEARING, (III) APPROVING THE FORM AND MANNER OF NOTICE, AND (IV) GRANTING RELATED RELIEF**

**THIS MATTER** came before the Court on October 14, 2026, at TIME, for hearing on the Debtor's Request for Expedited Consideration of *Motion for Entry of Orders (I) Designating E-Town Marketing & Distributing, LLC as Stalking Horse Bidder and Approving Bidding Procedures; (II) Scheduling a Bid Deadline, Auction, and Sale Hearing; (III) Approving the Form and Manner of Notice; (IV) Authorizing Sale of Equipment Free and Clear of Liens, Claims, Encumbrances, and Interests; and (V) Granting Related Relief* (Doc. No. __) (the "Motion").[1] The Court, having reviewed the Motion and record and considered the representations of those present at the Hearing, and for those reasons stated on the records, the Court finds: (1) the relief requested in the Motion is in the best interests of Debtor's estate, its creditors, and other parties in interest; and (2) Debtor's notice of the Motion was appropriate under the circumstances and no other notice be provided. Accordingly, it is

**ORDERED**:

1. The Motion is GRANTED to the extent set forth in this Order.

[1] Capitalized terms not otherwise defined have the meanings given in the Motion or the Bidding Procedures attached as Exhibit 1

2. The Bidding Procedures attached as Exhibit “1” are approved and shall govern the marketing, qualification of bids, Auction, selection of the Successful Bidder and Back-Up Bidder, and request for final sale approval.

3. E-Town Marketing & Distributing, LLC is designated as the Stalking Horse Bidder. The designation becomes effective only upon the Debtor filing a notice confirming that, no later than October 13, 2026 at 5:00 p.m. Eastern Time: (a) E-Town executed a binding asset purchase agreement providing for a $2,200,000 cash purchase price; (b) E-Town completed or irrevocably waived its inspection; (c) E-Town funded a $50,000 deposit; and (d) E-Town delivered proof of funds satisfactory to the Debtor. If those conditions are not timely satisfied, the conditional designation terminates without further order, but E-Town may submit a Qualified Bid by the Bid Deadline.

4. No break-up fee, expense reimbursement, topping fee, administrative expense, or other stalking-horse protection is approved.

5. The Purchased Assets consist only of the Debtor's right, title, and interest in the equipment identified in the Motion and final asset schedule. This Order does not determine ownership of any disputed asset and does not authorize sale of property owned exclusively by Brew Hub, a customer, lessor, or other third party.

6. The following Sale Schedule is approved:

| **Event** | **Deadline** | **Description** |
|---|---|---|
| File and Serve Motion | September 25, 2026 | Serve creditors, lienholders, taxing authorities, parties in interest, prospective bidders, U.S. Trustee, and Subchapter V Trustee. |
| Stalking Horse requirements | October 13, 2026 at 5:00 p.m. ET | Executed definitive agreement, completed or waived inspection, $50,000 deposit, and proof of funds. |
| Bidding Procedures Hearing | October 14, 2026 at 10:00 A.M. | Approval of procedures, notice, stalking horse designation, and sale schedule. |
| Sale Objection Deadline | October 20, 2026 at 5:00 p.m. ET | Objections to sale free and clear, asset scope, or treatment of interests. |

| | | |
|---|---|---|
| Bid Deadline | October 21, 2026 at 5:00 p.m. ET | Signed irrevocable Qualified Bids, $50,000 deposits, and proof of funds must be received. |
| Auction, if required | October 23, 2026 at 10:00 a.m. ET | Virtual auction by Zoom if more than one Qualified Bid is received. |
| Notice of Successful Bidder | No later than October 26, 2026 at 12:00 P.M. ET | File notice identifying Successful Bidder, Back-Up Bidder, purchase price, and material terms. |
| Final Sale Hearing | October 26, 2026 at 11:00 A.M. in Courtroom 9A | Approval of Successful Bid, free-and-clear relief, § 363(m) findings, and waiver of Rule 6004(h). |
| Closing | On or before October 28, 2026 | Subject to entry of Sale Order, waiver of Rule 6004(h), and satisfaction of approved conditions. |

7. The form of Notice of Sale by Auction and Sale Hearing attached as **Exhibit "2"** (the "Sale Notice") is approved. The Debtor shall serve the Sale Notice, this Order, and the Bidding Procedures as soon as reasonably practicable on all creditors and parties in interest, known lienholders, lessors and equipment-interest holders, the United States Trustee, the Subchapter V Trustee, taxing authorities, the Debtor's equity holder, E-Town, known potential bidders, and all parties requesting notice.

8. Cause exists under Bankruptcy Rules 2002(a)(2) and 9006(c) to shorten notice of the October 14 Bidding Procedures Hearing. The final Sale Hearing remains on more than twenty-one days' notice from service of the Motion.

9. Only Qualified Bids may participate in the Auction. If no competing Qualified Bid is received, the E-Town bid will be deemed the Successful Bid, subject to E-Town satisfying the Stalking Horse requirements and final Court approval.

10. The Debtor may determine which bids are Qualified Bids, select the highest or otherwise best bid and Back-Up Bid, waive immaterial defects, adjourn the Auction, and take actions reasonably necessary to implement the process, consistent with its fiduciary duties.

11. Any entity asserting a lien or interest may credit bid only to the extent permitted by 11 U.S.C. § 363(k) and further order of the Court. All rights of the Debtor and estate to challenge or seek limitation of any asserted credit bid for cause are reserved.

12. Nothing in this Order: (a) approves a sale; (b) validates any lien, claim, administrative expense, ownership claim, fixture interest, payoff, or priority; (c) determines that any asserted lien attaches to any particular asset; (d) waives any claim, defense, objection, surcharge right, avoidance power, or challenge; or (e) authorizes payment or distribution of sale proceeds.

13. The Court will consider final approval of the Successful Bid, sale free and clear, treatment of liens and interests, good-faith findings under § 363(m), waiver of Bankruptcy Rule 6004(h), any credit bid, and all remaining sale issues at the Final Sale Hearing.

14. This Order is effective immediately upon entry as a procedural order.

15. The Court retains jurisdiction to interpret and enforce this Order and resolve disputes concerning the Bidding Procedures and Auction.

###

Attorney Justin M. Luna is directed to serve this Order on interested parties who do not receive service by CM/ECF and file proof of service within three days of entry.

# EXHIBIT “1”

# Bidding Procedures

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**In re:**

**GREAT SOUTHERN COPACKERS LLC aka Great Southern Beverages,**

**Debtor.**

______________________________/

**CASE NO. 8:26-bk-07442-LER**

**CHAPTER 11**

***Subchapter V Election***

**BIDDING PROCEDURES FOR SALE OF**
**<u>PRODUCTION AND SUPPORT EQUIPMENT</u>**

**I. Purchased Assets and Purpose**

The Debtor seeks to sell, free and clear to the fullest extent authorized by the Court, all of the Debtor's right, title, and interest in the production and support equipment identified in the Tiger appraisal filed at Doc. No. 10 and on the final asset schedule (the "Purchased Assets"). Excluded Assets include cash, accounts, customer property, leased or third-party property, claims and causes of action, books and records the Debtor must retain, and any other property excluded by the definitive purchase agreement.

These procedures establish a prompt, fair, and competitive process designed to maximize net value while accounting for closing certainty, removal obligations, and administrative expense.

**II. Stalking Horse Bid**

E-Town Marketing & Distributing, LLC will be the Stalking Horse Bidder only after the Debtor files notice that E-Town timely executed a binding asset purchase agreement for $2,200,000, completed or waived inspection, funded a $50,000 deposit, and provided satisfactory proof of funds. No bid protections are authorized.

**III. Marketing and Due Diligence**

Through the Bid Deadline, the Debtor may contact strategic buyers, equipment dealers, liquidators, auctioneers, lenders, and parties that have expressed or may have interest. The Debtor may provide diligence materials and reasonable inspection access subject to confidentiality, insurance, safety, landlord-access, and scheduling requirements.
All diligence must be completed before a competing bid is submitted. A bidder bears its own diligence costs and may not contact customers, employees, the former landlord, or other counterparties concerning the sale without the Debtor's prior written consent.

**IV. Requirements for a Qualified Bid**

- The bid must be in writing and actually received by 5:00 p.m. Eastern Time on October 21, 2026 by Justin M. Luna and Catherine R. Choe at jluna@lathamluna.com and cchoe@lathamluna.com.

- The bid must identify the bidder, all affiliates, investors, financing sources, controlling persons, and participants in any joint bid. The bid must offer at least $2,250,000 in cash.
- The bid must include a fully executed asset purchase agreement and a redline against the form agreement provided by the Debtor, with terms no less favorable to the estate than the E-Town agreement.
- The bid must be binding and irrevocable and contain no financing, inspection, diligence, internal-approval, or other contingency, except entry of a Sale Order conveying the Purchased Assets free and clear of liens and interests.
- The bid must include proof of immediately available funds sufficient to pay the purchase price and all removal costs and must commit to close no later than October 28, 2026.
- The bid must be accompanied by a $50,000 cash deposit in immediately available funds to the escrow account designated by Debtor's counsel. Wire instructions must be obtained and verified directly with counsel.
- The bidder must agree to purchase the Purchased Assets as is, where is, with all faults; bear all dismantling, rigging, loading, transportation, insurance, permit, repair, restoration, tax, and removal costs; and remove the assets within sixty days after closing under an agreed access protocol or further Court order.
- The bid must state that no break-up fee, expense reimbursement, administrative claim, or other bidder protection is requested.
- The bidder must acknowledge these procedures, submit to the Bankruptcy Court's jurisdiction, waive jury trial as to sale-process disputes, and represent that the bid is bona fide and not the product of collusion.
- The bidder must agree to serve as Back-Up Bidder if selected and keep its bid open through the Back-Up Termination Date.

The Debtor, in consultation with the Subchapter V Trustee and consistent with its fiduciary duties, will determine whether a bid is a Qualified Bid. The Debtor may permit cure of an immaterial deficiency before the Auction but may not waive the minimum purchase price, deposit, proof-of-funds, no-contingency, closing-date, or removal-cost requirements without further Court approval.

**V. Deposits**

Deposits of unsuccessful bidders other than the Back-Up Bidder will be returned within five business days after the Auction. The Successful Bidder's deposit will be applied to the purchase price. The Back-Up Bidder's deposit will be retained until closing with the Successful Bidder, termination of the Successful Bid, or written release by the Debtor. If the Successful Bidder defaults, its deposit may be forfeited as provided in the applicable agreement, without limiting other approved remedies.

**VI. Auction**

If more than one Qualified Bid is received, the Debtor will conduct a Zoom Auction on **October 23, 2026 at 10:00 A.M. Eastern Time.** Only Qualified Bidders, the Debtor, the United States Trustee, the Subchapter V Trustee, parties asserting interests in the Purchased Assets, and their professionals may attend, unless the Debtor permits otherwise.

- Bidding will begin with the highest Qualified Bid selected as the Starting Bid.
- Each successive bid must exceed the then-highest bid by at least $50,000, subject to reasonable adjustment announced equally to all Qualified Bidders.
- Each bidder must participate through a representative with authority to bind the bidder.

- The Debtor may require clarification, additional proof of funds, or confirmation of removal and closing terms.
- The Debtor may consider total and net cash consideration, closing certainty, timing, removal obligations, administrative-expense impact, and other factors affecting estate value.
- The Debtor may adjourn the Auction to facilitate bidding or obtain additional information and will announce any adjournment to participants and file notice if necessary.
- At the conclusion, the Debtor will designate the Successful Bid and Back-Up Bid. The Successful and Back-Up Bidders will confirm their bids, good faith, and lack of collusion on the record or by declaration.

**VII. Successful Bid and Back-Up Bid**

The Debtor will file a Notice of Successful Bidder as soon as practicable and no later than October 26, 2026 at 12:00 p.m. Eastern Time. The notice will identify the Successful Bidder, Back-Up Bidder, purchase price, and material terms.

If the Successful Bidder fails to close, the Debtor may seek to close with the Court-approved Back-Up Bidder upon notice and without reopening bidding, subject to the Sale Order.

**VIII. Final Sale Approval and Closing**

The Court will consider final approval on **October 26, 2026 at 11:00 A.M, in Courtroom 9A, Sam M. Gibbons United States Courthouse, 801 N Florida Avenue**. The Debtor will seek authority to close on or before October 28, 2026 and waiver of Bankruptcy Rule 6004(h). No sale may close absent entry of a Sale Order and satisfaction or waiver of approved closing conditions.

Any purchaser must execute all transfer documents and remove the Purchased Assets within sixty days after closing, at its sole cost and risk, using qualified and insured personnel and in compliance with an agreed landlord access and removal protocol or further Court order.

**IX. Reservation of Rights**

The Debtor may reject any bid that is inadequate, nonconforming, not reasonably likely to close, or contrary to the estate's best interests. The Debtor may seek Court authority to modify these procedures or dates to maximize value. Nothing herein determines ownership, validates any lien or claim, or waives any estate right or defense.

# EXHIBIT "2"

# Notice Of Sale By Auction And Sale Hearing

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**In re:**

**GREAT SOUTHERN COPACKERS LLC aka Great Southern Beverages,**

**Debtor.**

**______________________________/**

**CASE NO. 8:26-bk-07442-LER**

**CHAPTER 11**

***Subchapter V Election***

## NOTICE OF SALE BY AUCTION AND SALE HEARING

P**LEASE TAKE NOTICE** that Great Southern Copackers LLC (the "Debtor") seeks authority to sell its right, title, and interest in substantial production and support equipment located at 3900 Frontage Road South, Lakeland, Florida 33815. The equipment is identified in the Tiger appraisal filed at Doc. No. 10 and a final asset schedule to be filed before the Sale Hearing.

**PLEASE TAKE FURTHER NOTICE** that E-Town Marketing & Distributing, LLC has delivered a $2,200,000 cash offer and may be designated as Stalking Horse Bidder after execution of a binding agreement, completion or waiver of inspection, funding of a $50,000 deposit, and delivery of proof of funds. The buyer will bear all dismantling and removal costs. No break-up fee or expense reimbursement is requested.

**PLEASE TAKE FURTHER NOTICE** that competing bids must be actually received no later than **October 21, 2026 at 5:00 P.M. Eastern Time** and must comply with the Bidding Procedures, including a minimum $2,250,000 cash price, an executed non-contingent agreement, a $50,000 deposit, proof of funds, a commitment to close by October 28, 2026, and buyer-funded removal.

**PLEASE TAKE FURTHER NOTICE** that, if more than one Qualified Bid is received, the Debtor will conduct an Auction by Zoom on **October 23, 2026 at 10:00 A.M. Eastern Time.** Only Qualified Bidders and authorized participants may bid.

**PLEASE TAKE FURTHER NOTICE** that objections to the proposed sale free and clear, the scope of the assets, or treatment of liens and interests must be filed and served so as to be received no later than **October 20, 2026 at 5:00 p.m. Eastern Time.** An objection must state with particularity the legal and factual grounds and be served on Debtor's counsel, the United States Trustee, the Subchapter V Trustee, counsel for Climate First Bank, and counsel for the former landlord.

**PLEASE TAKE FURTHER NOTICE** that the Court will conduct the Sale Hearing on **October 26, 2026 at 11:00 AM Eastern Time in Courtroom 9A, Sam M. Gibbons United States Courthouse, 801 N Florida Avenue**. At the hearing, the Debtor will seek approval of the Successful Bid under 11 U.S.C. § 363(b), a sale free and clear under § 363(f), treatment of liens

and interests, good-faith findings under § 363(m), and waiver of Bankruptcy Rule 6004(h) to permit closing by October 28, 2026.

**PLEASE TAKE FURTHER NOTIC**E that the Debtor will file a Notice of Successful Bidder no later than **October 26, 2026 at 12:00 p.m. Eastern Time**. Objections arising solely from Auction conduct or the identity or qualification of the Successful Bidder may be raised at the Sale Hearing, subject to the Court's direction.

## CONSEQUENCES OF FAILING TO TIMELY OBJECT

**ANY PARTY THAT FAILS TO TIMELY OBJECT MAY BE BARRED FROM CONTESTING THE SALE, THE TRANSFER OF THE PURCHASED ASSETS FREE AND CLEAR, OR THE TREATMENT OF ITS ASSERTED INTEREST, EXCEPT AS THE COURT OTHERWISE ORDERS.**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**In re:**

**CASE NO. 8:26-bk-07442-LER**

**GREAT SOUTHERN COPACKERS LLC aka Great Southern Beverages,**

**CHAPTER 11**

***Subchapter V Election***

**Debtor.**

___________________________________/

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true copy of the foregoing has been furnished either electronically or by U.S. First Class Mail to: **Great Southern Copackers LLC**, 3900 Frontage Rd. S, Lakeland, FL 33818; all parties entitled to receive electronic noticing via CM/ECF; all creditors and parties in interest on the attached creditor matrix; the **Subchapter V Trustee Michael C. Markham**, 400 N. Ashley Drive, Suite 3100, Tampa, Florida 33602; and **Office of the United States Trustee**, 501 E Polk Street, Tampa, Florida 33602; this 25th day of September 2026.

*/s/ Justin M. Luna*
**Justin M. Luna, Esq.**