ORDERED.

**Dated: October 14, 2026**

Luis E. Rivera II
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**In re:**

**GREAT SOUTHERN COPACKERS LLC aka Great Southern Beverages,**

**Debtor.**
_________________________________/

**CASE NO. 8:26-bk-07442-LER**

**CHAPTER 11**

***Subchapter V Election***

**ORDER (I) DESIGNATING E-TOWN MARKETING & DISTRIBUTING, LLC AS STALKING HORSE BIDDER AND APPROVING BIDDING PROCEDURES, (II) SCHEDULING A BID DEADLINE, AUCTION, AND SALE HEARING, (III) APPROVING THE FORM AND MANNER OF NOTICE, AND (IV) GRANTING RELATED RELIEF**

**THIS MATTER** came before the Court on October 14, 2026, at 10:00 A.M., for hearing on the *Debtor's Expedited Motion for Entry of an Order (I) Authorizing Designation of a Stalking Horse Bidder and Approving Bidding and Auction Procedures; (II) Scheduling Bid Deadlines, an Auction, and a Final Sale Hearing; (III) Approving the*

*Form and Manner of Sale Notice; (IV) Authorizing the Sale of Equipment Free and Clear of Liens, Claims, Encumbrances, and Interests; and (V) Granting Related Relief* (Doc. No. 61) (the "Motion") and the *Former Landlord's Limited Objection to Debtor's Expedited Motion for Entry of an Order (I) Authorizing Designation of a Stalking Horse Bidder and Approving Bidding and Auction Procedures; (II) Scheduling Bid Deadlines, an Auction, and a Final Sale Hearing; (III) Approving the Form and Manner of Sale Notice; (IV) Authorizing the Sale of Equipment Free and Clear of Liens, Claims, Encumbrances, and Interests; and (V) Granting Related Relief* (Doc. No. 67) (the "Limited Objection") filed by Lakeland Industrial 1, LLC, Lakeland Industrial 2 LLC, Lakeland Industrial 3 LLC, and Lakeland Industrial 4 LLC, as tenants in common (collectively, "Lakeland Industrial" or "Former Landlord"). The Court, having considered the Motion, as modified on the record in open court by counsel for the Debtor and the principal of E-Town (defined below), the Limited Objection, and the record, and for the reasons stated orally and recorded in open court, the Court finds that the Motion, as modified on the record at the Hearing, should be granted as set forth herein. Accordingly, it is

**ORDERED**:

1. The Motion, as modified on the record at the Hearing, is **GRANTED** as set forth in this Order.

2. All objections, including those set forth in the Limited Objection with respect to the ultimate sale are preserved. The Court will consider final approval of the Successful Bid, sale free and clear, treatment of liens and interests, good-faith findings

under § 363(m), waiver of Bankruptcy Rule 6004(h), any credit bid, and all remaining sale issues at the Final Sale Hearing.

3. The Bidding Procedures[1] attached as Exhibit "1" are approved and shall govern the marketing, qualification of bids, Auction, selection of the Successful Bidder and Back-Up Bidder, and the request for final sale approval.

4. E-Town Marketing & Distributing, LLC ("E-Town") is designated as the Stalking Horse Bidder at a cash purchase price of $2,200,000. The Court acknowledges the Debtor's representation that $50,000 is presently held in Debtor's counsel's escrow account. No later than October 21, 2026, at 5:00 p.m. Eastern Time, E-Town shall: (a) deposit an additional $170,000 into Debtor's counsel's escrow account, bringing its total deposit to $220,000; (b) provide evidence of immediately available funds sufficient to pay the full $2,200,000 purchase price and separately fund the dismantling, removal, and transportation of the Purchased Assets; (c) execute a binding asset purchase agreement incorporating the modified terms approved in this Order; and (d) represent that all inspections, diligence, or conditions to closing have been completed or irrevocably waive all inspections, diligence, or conditions, other than entry of a final Sale Order authorizing transfer of the Purchased Assets free and clear.

5. The binding asset purchase agreement shall require E-Town and any other party who may be the Successful Bidder, to: (a) close on or before October 28, 2026; (b) be solely responsible, at their sole cost and expense, for all aspects of the removal of the

[1] Capitalized terms not otherwise defined have the meanings given in the Motion or the Bidding Procedures attached as Exhibit 1

Purchased Assets and any associated product on or before November 30, 2026, including: (i) draining, emptying, and otherwise removing all product, raw materials, liquids, and residual contents from the equipment; (ii) the lawful handling, transportation, and disposal of such product and contents; (iii) dismantling, disconnecting, rigging, packaging, loading, and removing the Purchased Assets from the premises located at 3900 Frontage Road South, Lakeland, Florida 33815 (the "Premises"); (iv) transportation, shipping, and insurance of the Purchased Assets; and (v) repairing and restoring any damage to the Premises, improvements, utilities, fixtures, or other property caused by or arising from the dismantling, removal, loading, or transportation of the Purchased Assets. The Former Landlord shall not bear any cost, liability, or expense associated with the foregoing obligations.

6. The Debtor and E-Town represented on the record that, other than the proposed sale transaction between the Debtor and E-Town with respect to the Purchased Assets, no side agreement, compensation arrangement, ownership interest, employment or consulting arrangement, profit-sharing agreement, or other agreement or understanding exists, is being negotiated, or will be negotiated in the future between Jeremy Roberts individually and E-Town, Jeremy Lantz, or any of their affiliates. The Court relied on that representation in approving E-Town as the Stalking Horse Bidder.

7. Based on the present record and solely for purposes of approving the bidding process and E-Town's role as Stalking Horse Bidder, the Court finds that E-Town has participated in the process in good faith and that there has been no showing of fraud, collusion, or an effort to take unfair advantage of the sale process. Final approval of any

sale and the operation of 11 U.S.C. § 363(m) remain subject to the evidence presented at the Final Sale Hearing and entry of a final Sale Order.

8. No break-up fee, expense reimbursement, topping fee, administrative expense, or other stalking-horse protection is approved.

9. The Purchased Assets consist only of the Debtor's right, title, and interest in the equipment identified in the Motion and the schedule of Purchased Assets to be attached to the asset purchase agreement. This Order does not determine ownership of any disputed asset and does not authorize sale of property owned exclusively by Brew Hub, a customer, lessor, or other third party.

10. The following Sale Schedule is **APPROVED**:

| **Event** | **Deadline** | **Description** |
|---|---|---|
| Bidding Procedures Hearing | October 14, 2026 at 10:00 A.M. | Approval of bidding procedures, notice, stalking horse designation, and sale schedule. |
| Sale Objection Deadline | October 20, 2026 at 5:00 p.m. ET | Objections to sale free and clear, asset scope, or treatment of interests. |
| Stalking Horse Supplemental Conditions and Bid Deadline | October 21, 2026 at 5:00 p.m. ET | Stalking Horse additional deposit of $170,000 and proof of funds for purchase price and removal costs must be received with commitment to close by October 28, 2026, and a commitment to remove the Purchased Assets by November 30, 2026. |
| Bid Deadline | October 21, 2026 at 5:00 p.m. ET | Signed irrevocable Qualified Bids, $220,000 deposits, and proof of funds for purchase price and removal costs must be received with a commitment to close by October 28, 2026, and a commitment to remove the Purchased Assets by November 30, 2026. |
| Auction, if required | October 23, 2026 at 10:00 a.m. ET | Virtual auction by Zoom if more than one Qualified Bid is received. |
| Notice of Successful Bidder | No later than October 23, 2026 at 5:00 P.M. ET | File notice identifying Successful Bidder, Back-Up Bidder, and material terms of bids. |

| | | |
|---|---|---|
| Final Sale Hearing | October 26, 2026 at 11:00 A.M. in Courtroom 9A | Approval of Successful Bid, free-and-clear relief, § 363(m) findings, and waiver of Rule 6004(h). |
| Closing | On or before October 28, 2026 | Subject to entry of Sale Order, waiver of Rule 6004(h), and satisfaction of approved conditions. |
| Removal of Purchased Assets and All Property of Estate from Premises | On or before November 30, 2026 | |

11. The form of Notice of Sale by Auction and Sale Hearing attached as **Exhibit "2"** (the "Sale Notice") is **APPROVED**. The Debtor shall serve the Sale Notice, this Order, and the Bidding Procedures as soon as reasonably practicable on all creditors and parties in interest, known lienholders, lessors and equipment-interest holders, the United States Trustee, the Subchapter V Trustee, taxing authorities, the Debtor's equity security holder(s), E-Town, known potential bidders, and all parties requesting notice.

12. Cause exists under Bankruptcy Rules 2002(a)(2) and 9006(c) to shorten notice of the October 14 Bidding Procedures Hearing. The final Sale Hearing remains on more than twenty-one days' notice from service of the Motion.

13. Only Qualified Bids, as modified by this Order, may participate in the Auction. If no competing Qualified Bid is received, the E-Town bid will be deemed the Successful Bid, subject to E-Town satisfying the conditions in this Order and final Court approval.

14. Any entity asserting a lien or interest may credit bid only to the extent permitted by 11 U.S.C. § 363(k) and further order of the Court. All rights of the Debtor

and the estate to challenge or seek limitation of any asserted credit bid for cause are reserved.

15. Nothing in this Order: (a) approves a sale; (b) validates any lien, claim, administrative expense, ownership claim, fixture interest, payoff, or priority; (c) determines that any asserted lien attaches to any particular asset; (d) waives any claim, defense, objection, surcharge right, avoidance power, or challenge; or (e) authorizes payment or distribution of sale proceeds.

16. This Order is effective immediately upon entry as a procedural order.

17. The Court retains jurisdiction to interpret and enforce this Order and resolve disputes concerning the Bidding Procedures and Auction.

###

Attorney Justin M. Luna is directed to serve this Order on interested parties who do not receive service by CM/ECF and file proof of service within three days of entry.

# EXHIBIT "1"

# Bidding Procedures

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**In re:**

**GREAT SOUTHERN COPACKERS LLC aka Great Southern Beverages,**

**Debtor.**
**______________________________/**

**CASE NO. 8:26-bk-07442-LER**

**CHAPTER 11**

***Subchapter V Election***

**BIDDING PROCEDURES FOR SALE OF**
**PRODUCTION AND SUPPORT EQUIPMENT**

**I. Purchased Assets and Purpose**

The Debtor seeks to sell, free and clear to the fullest extent authorized by the Court, all of the Debtor's right, title, and interest in the equipment identified in the Motion and the schedule of Purchased Assets attached to the binding asset purchase agreement or other binding and irrevocable bid document. Excluded Assets include cash, accounts, customer property, leased or third-party property, claims and causes of action, books and records the Debtor must retain, and any other property excluded by the definitive purchase agreement.

These procedures establish a prompt, fair, and competitive process designed to maximize net value while accounting for closing certainty, removal obligations, and administrative expense.

**II. Stalking Horse Bid**

E-Town Marketing & Distributing, LLC ("E-Town") is designated as the Stalking Horse Bidder at a $2,200,000 cash purchase price. The existing $50,000 deposit shall be supplemented by an additional $170,000 no later than October 21, 2026, at 5:00 p.m. Eastern Time, for a total deposit of $220,000. By that same deadline, E-Town shall provide evidence of immediately available funds sufficient to pay the full $2,200,000 purchase price and separately fund the dismantling, removal, and transportation of the Purchased Assets. No later than October 21, 2026, at 5:00 p.m. Eastern Time, E-Town shall deliver the binding amended purchase agreement required by the Order and shall complete or waive all remaining diligence and other contingencies except entry of a final Sale Order authorizing transfer free and clear. No bid protections are authorized. The E-Town bid shall require closing on or before October 28, 2026 and removal of the Purchased Assets by November 30, 2026. The binding amended asset purchase agreement or other binding and irrevocable bid document shall incorporate the removal obligations set forth in paragraph 5 of the Order.

## III. Marketing and Due Diligence

Through the Bid Deadline, the Debtor may contact strategic buyers, equipment dealers, liquidators, auctioneers, lenders, and parties that have expressed or may have interest. The Debtor may provide diligence materials and reasonable inspection access subject to confidentiality, insurance, safety, landlord-access, and scheduling requirements.

All diligence must be completed before a competing bid is submitted. A bidder bears its own diligence costs and may not contact customers, employees, the former landlord, or other counterparties concerning the sale without the Debtor's prior written consent.

## IV. Requirements for a Qualified Bid

- The bid must be in writing and actually received by 5:00 p.m. Eastern Time on October 21, 2026 by Justin M. Luna and Catherine R. Choe at jluna@lathamluna.com and cchoe@lathamluna.com.
- The bid must identify the bidder, all affiliates, investors, financing sources, controlling persons, and participants in any joint bid. The bid must offer at least $2,250,000 in cash.
- The bid must include a fully executed asset purchase agreement and a redline against the form agreement provided by the Debtor, with terms no less favorable to the estate than the E-Town agreement.
- The bid must be binding and irrevocable and contain no financing, inspection, diligence, internal-approval, or other contingency, except entry of a Sale Order conveying the Purchased Assets free and clear of liens and interests.
- The bid must include proof of immediately available funds sufficient to pay the purchase price and all removal costs and must commit to close no later than October 28, 2026.
- The bid must be accompanied by a $220,000.00 cash deposit in immediately available funds to the escrow account designated by Debtor's counsel. Wire instructions must be obtained and verified directly with counsel.
- The bidder must agree to purchase the Purchased Assets as is, where is, with all faults; bear all dismantling, rigging, loading, transportation, insurance, permit, repair, restoration, tax, and removal costs; and remove the assets within no later than November 30, 2026, under an agreed access protocol or further Court order.
- The bid must state that no break-up fee, expense reimbursement, administrative claim, or other bidder protection is requested.
- The bidder must acknowledge these procedures, submit to the Bankruptcy Court's jurisdiction, waive jury trial as to sale-process disputes, and represent that the bid is bona fide and not the product of collusion.
- The bidder must agree, if selected as the Back-Up Bidder, to keep its bid open until the Successful Bid closes or the Debtor releases the Back-Up Bidder in writing
- The bidder must agree that, if selected as the Successful Bidder, it will assume and perform all removal obligations set forth in paragraph 5 of the Order, including responsibility, at its sole cost and expense, for all associated product and contents;

draining, emptying, handling, transporting, and lawfully disposing of product, raw materials, liquids, and residual contents; dismantling, disconnecting, rigging, packaging, loading, transporting, shipping, insuring, and removing the Purchased Assets; and repairing and restoring any resulting damage to the Premises, improvements, utilities, fixtures, or other property. The Former Landlord shall not bear any cost, liability, or expense associated with those obligations.

The Debtor, in consultation with the Subchapter V Trustee and consistent with its fiduciary duties, will determine whether a bid is a Qualified Bid. The Debtor may permit cure of an immaterial deficiency before the Auction but may not waive the minimum purchase price, deposit, proof-of-funds, no-contingency, closing-date, or removal-cost requirements without further Court approval.

**V. Deposits**

Deposits of unsuccessful bidders other than the Back-Up Bidder will be returned within five business days after the Auction. The Successful Bidder's deposit will be applied to the purchase price. The Back-Up Bidder's deposit will be retained until closing with the Successful Bidder, termination of the Successful Bid, or written release by the Debtor. If the Successful Bidder defaults, its deposit may be forfeited as provided in the applicable agreement, without limiting other approved remedies.

**VI. Auction**

If more than one Qualified Bid is received, the Debtor will conduct a Zoom Auction on **October 23, 2026 at 10:00 A.M. Eastern Time.** Only Qualified Bidders, the Debtor, the United States Trustee, the Subchapter V Trustee, parties asserting interests in the Purchased Assets, and their professionals may attend, unless the Debtor permits otherwise.

- Bidding will begin with the highest Qualified Bid selected as the Starting Bid.
- Each successive bid must exceed the then-highest bid by at least $50,000, subject to reasonable adjustment announced equally to all Qualified Bidders.
- Each bidder must participate through a representative with authority to bind the bidder.
- The Debtor may require clarification, additional proof of funds, or confirmation of removal and closing terms.
- The Debtor may consider total and net cash consideration, closing certainty, timing, removal obligations, administrative-expense impact, and other factors affecting estate value.
- The Debtor may adjourn the Auction to facilitate bidding or obtain additional information and will announce any adjournment to participants and file notice if necessary.
- At the conclusion, the Debtor will designate the Successful Bid and Back-Up Bid. The Successful and Back-Up Bidders will confirm their bids, good faith, and lack of collusion on the record or by declaration.

**VII. Successful Bid and Back-Up Bid**

The Debtor will file a Notice of Successful Bidder as soon as practicable and no later than October 23, 2026 at 5:00 p.m. Eastern Time. The notice will identify the Successful Bidder, Back-Up Bidder, purchase price, and material terms.
If the Successful Bidder fails to close, the Debtor may seek to close with the Court-approved Back-Up Bidder upon notice and without reopening bidding, subject to the Sale Order.
The Successful Bidder shall remove the Purchased Assets and associated product in accordance with paragraph 5 of the Order, and the Debtor shall remove or cause the removal of all other property of the estate remaining at the Premises, in each instance no later than November 30, 2026.

**VIII. Final Sale Approval and Closing**
The Court will consider final approval on **October 26, 2026 at 11:00 A.M, in Courtroom 9A, Sam M. Gibbons United States Courthouse, 801 N Florida Avenue**. The Debtor will seek authority to close on or before October 28, 2026 and waiver of Bankruptcy Rule 6004(h). No sale may close absent entry of a Sale Order and satisfaction or waiver of approved closing conditions.

Any purchaser must execute all transfer documents and remove the Purchased Assets no later than November 30, 2026, at its sole cost and risk, using qualified and insured personnel and in compliance with an agreed landlord access and removal protocol or further Court order.

**IX. Reservation of Rights**
The Debtor may reject any bid that is inadequate, nonconforming, not reasonably likely to close, or contrary to the estate's best interests. The Debtor may seek Court authority to modify these procedures or dates to maximize value. Nothing herein determines ownership, validates any lien or claim, or waives any estate right or defense.

# EXHIBIT "2"

# Notice Of Sale By Auction And Sale Hearing

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**In re:**

**GREAT SOUTHERN COPACKERS LLC aka Great Southern Beverages,**

**Debtor.**

**CASE NO. 8:26-bk-07442-LER**

**CHAPTER 11**

***Subchapter V Election***

**___________________________________/**

**NOTICE OF SALE BY AUCTION AND SALE HEARING**

**PLEASE TAKE NOTICE** that Great Southern Copackers LLC (the "Debtor") seeks authority to sell its right, title, and interest in substantial production and support equipment located at 3900 Frontage Road South, Lakeland, Florida 33815. The Purchased Assets consist of the Debtor's right, title, and interest in the equipment identified in the Motion and the schedule of Purchased Assets attached to the binding transaction document, which will be filed before the Sale Hearing.

**PLEASE TAKE FURTHER NOTICE** that E-Town Marketing & Distributing, LLC ("E-Town") is designated as the Stalking Horse Bidder at a $2,200,000 cash purchase price. The existing $50,000 deposit shall be supplemented by an additional $170,000 no later than October 21, 2026, at 5:00 p.m. Eastern Time, for a total deposit of $220,000. By that same deadline, E-Town shall provide evidence of immediately available funds sufficient to pay the full $2,200,000 purchase price and separately fund the dismantling, removal, and transportation of the Purchased Assets. No later than October 21, 2026, at 5:00 p.m. Eastern Time, E-Town shall deliver the binding amended purchase agreement required by the Order and shall complete or waive all remaining diligence and other contingencies except entry of a final Sale Order authorizing transfer free and clear. No bid protections are authorized. The E-Town bid shall require closing on or before October 28, 2026 and removal of the Purchased Assets by November 30, 2026.

**PLEASE TAKE FURTHER NOTICE** that competing bids must be actually received no later than **October 21, 2026 at 5:00 P.M. Eastern Time** and must comply with the Bidding Procedures, including a minimum $2,250,000 cash price, an executed non-contingent agreement, a $220,000 cash deposit, proof of funds sufficient to pay the bid and separately

fund removal, a commitment to close by October 28, 2026, a commitment to remove the equipment by November 30, 2026, and buyer-funded removal.

**PLEASE TAKE FURTHER NOTICE** that any Successful Bidder will be solely responsible, at its sole cost and expense, for all removal obligations set forth in paragraph 5 of the Bidding Procedures Order, including draining and lawfully disposing of product and residual contents, dismantling and transporting the Purchased Assets, maintaining appropriate insurance, and repairing or restoring damage caused by removal. The Former Landlord shall not bear any cost, liability, or expense associated with those obligations. The Purchased Assets and all other property of the estate must be removed from the Premises no later than November 30, 2026.

**PLEASE TAKE FURTHER NOTICE** that, if more than one Qualified Bid is received, the Debtor will conduct an Auction by Zoom on **October 23, 2026 at 10:00 A.M. Eastern Time.** Only Qualified Bidders and authorized participants may bid.

**PLEASE TAKE FURTHER NOTICE** that objections to the proposed sale free and clear, the scope of the assets, or treatment of liens and interests must be filed and served so as to be received no later than **October 20, 2026 at 5:00 p.m. Eastern Time.** An objection must state with particularity the legal and factual grounds and be served on Debtor's counsel, the United States Trustee, the Subchapter V Trustee, counsel for Climate First Bank, and counsel for the former landlord.

**PLEASE TAKE FURTHER NOTICE** that the Court will conduct the Sale Hearing on **October 26, 2026 at 11:00 AM Eastern Time in Courtroom 9A, Sam M. Gibbons United States Courthouse, 801 N Florida Avenue**. At the hearing, the Debtor will seek approval of the Successful Bid under 11 U.S.C. § 363(b), a sale free and clear under § 363(f), treatment of liens and interests, good-faith findings under § 363(m), and waiver of Bankruptcy Rule 6004(h) to permit closing by October 28, 2026.

**PLEASE TAKE FURTHER NOTIC**E that the Debtor will file a Notice of Successful Bidder no later than **October 23, 2026 at 5:00 p.m. Eastern Time**. Objections arising solely from Auction conduct or the identity or qualification of the Successful Bidder may be raised at the Sale Hearing, subject to the Court's direction.

## CONSEQUENCES OF FAILING TO TIMELY OBJECT

**ANY PARTY THAT FAILS TO TIMELY OBJECT MAY BE BARRED FROM CONTESTING THE SALE, THE TRANSFER OF THE PURCHASED ASSETS FREE AND CLEAR, OR THE TREATMENT OF ITS ASSERTED INTEREST, EXCEPT AS THE COURT OTHERWISE ORDERS.**